UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MEGAN MIRZA,

       Plaintiff,                      Case no. 21-10266

v.

                                          Hon. Nancy G. Edmunds

PROVISION LIVING, LLC, and
RHONDA HENDRICKSON,

       Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [7]**

Plaintiff Megan Mirza filed her complaint in the Oakland County Circuit Court, but Defendant Rhonda Hendrickson ("Defendant") removed the matter to this Court on February 5, 2021 based on diversity jurisdiction. (ECF No. 1.) Plaintiff brings claims under Michigan's Worker's Disability Compensation Act and Michigan's Persons with Disabilities Civil Rights Act as well as for intentional infliction of emotional distress. The matter is now before the Court on Plaintiff's motion to remand for lack of subject matter jurisdiction. (ECF No. 7.) Defendant opposes the motion. (ECF No. 14.) Plaintiff has filed a reply. (ECF No. 15.) The Court finds that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), Plaintiff's motion will be decided on the briefs and without oral argument. For the reasons set forth below, the Court DENIES Plaintiff's motion to remand.

The party seeking removal bears the burden of establishing its right to removal, and the federal courts strictly construe removal petitions in a manner that resolves all doubts against removal. *See Her Majesty the Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). To establish jurisdiction based on diversity, the amount in controversy must exceed $75,000, and diversity of citizenship must exist. 28 U.S.C. § 1332(a). Complete diversity requires all parties on one side of the controversy to be of diverse citizenship from all parties on the other side. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). Defendant, as the removing party, bears the burden of showing that federal jurisdiction exists at the time of removal. *See Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549, 551 (6th Cir. 2006).

Here, it is undisputed that Plaintiff is a citizen of Michigan and Defendant Provision Living, LLC is a citizen of Missouri. However, Defendant states she is a citizen of Tennessee, while Plaintiff believes Defendant is a citizen of Michigan, which would destroy complete diversity in this case.

For purposes of diversity, state citizenship is equated with domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990) (citations omitted). "A person's previous domicile is not lost until a new one is acquired. Establishment of a new domicile is determined by two factors: residence in the new domicile, and the intention to remain there." *Id.* Courts usually take into account the following factors when determining a party's domicile: "the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; [and] payment of

taxes." *Lim v. Nojiri*, No. 10-cv-14080, 2011 U.S. Dist. LEXIS 45743, at *13 (E.D. Mich. Apr. 28, 2011) (internal quotation marks and citation omitted). A domicile "is the place where a person dwells and which is the center of [her] domestic, social, and civil life." *Id.* at *12.

In support of the present motion, Plaintiff submitted her own affidavit, which states in relevant part the following:

> 3. When I worked at Defendant Provision Living, LLC, starting on or about November 20, 2018, Defendant Rhonda Hendrickson lived at 42410 Joyce Lane, Novi, Michigan 48377.
> 4. Defendant Rhonda Hendrickson came to my home in Bloomfield, Michigan to obtain furniture for her home in Novi, Michigan located at 42410 Joyce Lane, Novi, Michigan 48377.
> 5. Defendant Rhonda Hendrickson continues to live in Michigan.

(ECF No. 7-5.) In response, Defendant argues that while she often travelled to Michigan for work, she is a citizen of Tennessee. She has submitted her own declaration, stating the following:

> 1. I have been employed by PVL Associates, LLC since November 2013. Currently, I am Director of Operations. In that position, I have responsibility of overseeing assisted living communities managed by Provision Living, LLC in Tennessee; Mississippi; and Ann Arbor, Grand Rapids, and West Bloomfield, Michigan
> 2. Prior to being promoted to Director of Operations, I worked as an Operations Support Specialist at Provision Living, LLC. Part of my responsibilities in that position included overseeing the opening of new communities, including the community located in West Bloomfield, Michigan.
> 3. The opening of the West Bloomfield, Michigan location required significant amounts of my time and attention. To properly support the opening of the West Bloomfield community, I travelled to Michigan weekly, spending approximately 4-5 days each week until March 2020. During those visits, I stayed in an apartment leased by Provision Living, LLC until March 2019. From March 2019 to March 2020, I stayed in a house leased by Provision Living, LLC. I was not personally named on, or responsible for paying rent under, either lease agreement. Provision Living, LLC paid the rental payments directly to the landlords.

3

> 4. At the end of each week, upon the completion of my work responsibilities in Michigan, I returned to my primary residence and domicile in Tennessee. I never formed any intention to move to, establish my primary residence in, or change my citizenship or domicile to, the State of Michigan.
> 5. Because I had no intention of moving to the State of Michigan, I furnished the rental house with free, second-hand furniture that I obtained from Megan Mirza in order to avoid incurring unnecessary expense for myself or Provision Living, LLC.
> 6. While visiting Michigan, I used one of Provision Living, LLC's company cars. I did not keep a personal vehicle in Michigan, nor did I keep any real or personal property of significant value in Michigan.
> 7. As Director of Operations, I now travel to communities located in Tennessee, Mississippi, and Michigan. I typically visit these communities for 2 ½ days at a time and stay in nearby hotels. Upon the completion of my work responsibilities at the communities, I always return to my primary residence and domicile in Dunlap, Tennessee.

(ECF No. 14-2.) Defendant also states that from 2012-2020, she and her husband resided in Nashville, Tennessee, but since early 2020, they have resided in a home they own in Dunlap, Tennessee. (*Id.*) Defendant's driver's license was issued by the state of Tennessee and reflects that address in Dunlap. She is registered to vote in Sequatchie County, Tennessee; pays income and property taxes to the state of Tennessee; and has "strong family times" in Tennessee, where her brother, children, and grandchildren live. (*Id.*) Finally, she states that after moving to Dunlap, she and her husband started planning to open a retail store. (*Id.*) They formed a two-member limited liability company under the laws of the state of Tennessee to operate the store on November 6, 2020. Her husband performs the day-to-day work of the store, but she performs the back-office support and is the resident agent. (*Id.*)

Plaintiff argues that Defendant's declaration is insufficient to establish her domicile, and the Court should therefore either remand the matter to state court or, alternatively, hold an evidentiary hearing. While the Court may elect to conduct an evidentiary hearing,

4

the issue of where Defendant is domiciled may also be decided based on "the pleadings, affidavits of the parties or nonparties, available depositions, and other evidentiary materials." *See Lim*, 2011 U.S. Dist. LEXIS 45743, at *11 (noting "[t]he district court has broad discretion to determine the manner in which the issue of domicile will be considered"). Here, the Court finds Defendant's declaration provides sufficient information to determine her domicile and an evidentiary hearing is unnecessary. Defendant's declaration addresses many of the relevant factors, including her voter registration, her driver's license, and the payment of taxes—all of which demonstrate her ties to the state of Tennessee. Defendant's declaration also explains that any time she spends in Michigan is work-related and she returns to a home she owns along with her husband in Tennessee every week. *See S. Indus. Mech. Maint. Co. v. Swafford*, No. 13-2523, 2013 U.S. Dist. LEXIS 136197, at *12-13 (W.D. Tenn. Sept. 24, 2013) (noting that employment related relationships alone cannot establish domicile).

In sum, the Court finds Defendant's declaration, as a whole, establishes that at the time of removal she both resided in Tennessee and had the intention to remain there. Because Defendant has carried her burden of showing she is a citizen of Tennessee, there is complete diversity between the parties and the Court has jurisdiction over this matter. Accordingly, Plaintiff's motion to remand is DENIED.

SO ORDERED.

<u>s/Nancy G. Edmunds</u>
Nancy G. Edmunds
United States District Judge

Dated: May 4, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 4, 2021, by electronic and/or ordinary mail.

                                    <u>s/Lisa Bartlett</u>
                                    Case Manager